Filed 12/7/15  James L. v. Superior Court CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| JAMES L.,<br><br>    Petitioner,<br><br>        v.<br><br>THE SUPERIOR COURT OF TUOLUMNE COUNTY,<br><br>    Respondent;<br><br>TUOLUMNE COUNTY DEPARTMENT OF SOCIAL SERVICES,<br><br>    Real Party in Interest. | F072213<br><br>(Super. Ct. Nos. JV7560 & JV7561)<br><br>**OPINION** |

## THE COURT[*]

ORIGINAL PROCEEDING; petition for extraordinary writ review.  Donald I. Segerstrom, Jr., Judge.

James L., in pro. per., for Petitioner.

No appearance for Respondent.

Sarah Carrillo, County Counsel, and Cody M. Nesper, Deputy County Counsel, for Real Party in Interest.

-ooOoo-

---

[*]     Before Levy, Acting P.J., Gomes, J. and Smith, J.

James L. (father) in propria persona seeks extraordinary writ relief from the juvenile court's orders terminating his reunification services at a contested six-month review hearing (Welf. & Inst. Code, § 366.21, subd. (e))[1] and setting a section 366.26 hearing as to his four-year-old son James, Jr. (hereafter "James") and two-year-old son Zechariah. Father contends the juvenile court should have continued his reunification services because he made sufficient progress toward completing his reunification services. We deny the petition.

### PROCEDURAL AND FACTUAL SUMMARY

In December 2014, the Tuolumne County Department of Social Services (department) took then three-year-old James and 21-month-old Zechariah into protective custody because father and the children's mother (hereafter "mother") regularly fought in front of the children and could not maintain the home in a habitable condition. On the day the children were removed, there was animal feces, trash, dirty dishes, sharp objects and rotting food throughout the home and within easy access of the children. In addition, both parents reported suffering from mental health disorders for which they were not receiving treatment and father self-medicated by smoking marijuana throughout the day and at night to sleep. He explained that he used marijuana for undiagnosed insomnia and "to take the edge off." The children were placed together in foster care.

The juvenile court exercised its dependency jurisdiction over the children and ordered reunification services for father and mother. Father's services plan required him to complete domestic violence and parenting programs and a psychological evaluation, participate in mental health counseling and psychotropic medication monitoring and submit to random drug testing. It also required him to continue services through the Amador Tuolumne Community Action Agency (ATCAA) Family Resource Center.

---

[1] All further statutory references are to the Welfare and Institutions Code.

Over the ensuing six months, father and mother maintained their tumultuous relationship and made minimal progress toward resolving the problems that necessitated the juvenile court's intervention. Though they completed psychological evaluations, they were deemed unable to benefit from reunification services in the statutorily-imposed time frames. Father was diagnosed with several disorders, including Antisocial Personality Disorder and Autistic Disorder. Neither completed a domestic violence program.

In its report for the six-month review hearing, the department recommended the juvenile court terminate reunification services and set a section 366.26 hearing. The department reported that the children had made positive developmental strides since being placed in foster care.

In August 2015, the juvenile court conducted a contested six-month review hearing. Father testified he was going to parenting classes and participating in counseling and had an appointment to be assessed for psychotropic medication. However, he was unable to attend domestic violence classes because he could not afford it. The department was willing to pay for the class but required him to first complete a budgeting class. The only budgeting class of which he was aware was conducted from 4:00 to 8:00 p.m. at ATCAA. The department gave him bus passes to attend but the last bus operated at 6:25 p.m., which would leave him stranded without a way home. He explained his dilemma to the department staff and was told there were other classes available, but he could not find any.

Mother testified she attended domestic violence classes at ATCAA and that they picked her up at her house and drove her home afterward. She also testified that she moved out of the home she shared with father two weeks before the hearing because of their contentious relationship. She said they argued but were not physically violent with each other.

At the conclusion of the hearing, the juvenile court found that the department provided father and mother reasonable services but that they failed to participate

regularly and make substantive progress. The court found father's explanation for not attending the budgeting class "incomprehensible," pointing to evidence that he appeared to be under the influence of marijuana during two of his counseling sessions. The court believed that if he had the money to buy marijuana, he could have paid for the budgeting class. The juvenile court further found that father and mother made minimal progress and that there was not a substantial probability the children could be returned to their custody after further services. Consequently, the court terminated their reunification services and set a section 366.26 hearing.

This petition ensued.

## DISCUSSION

Father contends he made "sufficient progress." Therefore, the juvenile court should have ordered further reunification services. We disagree.

Under section 366.21, subdivision (e), the juvenile court may terminate reunification services at the six-month review hearing where, as here, the children were removed from parental custody at the same time and one of the children was under the age of three, and the court finds by clear and convincing evidence that the parent failed to participate regularly and make substantive progress in court-ordered services. (§ 366.21, subd. (e).)

When a parent challenges the juvenile court's order terminating reunification services, the question for this court is whether substantial evidence supports the juvenile court's decision. (*Fabian L. v. Superior Court* (2013) 214 Cal.App.4th 1018, 1028.) In making that determination, we review the appellate record in the light most favorable to the juvenile court's order and will not disturb the judgment if there is evidence to support it. (*In re Misako R.* (1991) 2 Cal.App.4th 538, 545.) In order to prevail on appeal, the parent would have to show that there is no evidence of a sufficiently substantial nature to support the order. (*In re Geoffrey G.* (1979) 98 Cal.App.3d 412, 420.) On this record, we conclude substantial evidence supports the juvenile court's order.

4.

The evidence before the juvenile court was that father failed to attend the domestic violence classes altogether and continued to engage in domestic disputes. In addition, he had only recently made an appointment to seek medication for his psychological disorders. Even in the services in which father participated (i.e., parenting and counseling), he made minimal progress.

Having properly concluded that father failed to participate regularly and make substantive progress in his court-ordered services, the juvenile court did not err in terminating his reunification services and setting a section 366.26 hearing.

We find no error and deny the petition.

## DISPOSITION

The petition for extraordinary writ is denied. This opinion is final forthwith as to this court.